IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRACY M. FINLAN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3127 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| STATE OF NEBRASKA DEPARTMENT OF CORRECTIONS MEDICAL DEPARTMENT, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on the following pending motions: (1) filing no. 28, the Motion to Dismiss filed by the defendant named in the original complaint, the State of Nebraska Department of Corrections Medical Department, and (2) filing no. 34, the Motion for Copies filed by the plaintiff, Tracy M. Finlan, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS").  The plaintiff, who is proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical and dietary needs.

    The plaintiff states that he is allergic to pork and pork by-products, as he repeatedly informed corrections and medical staff at the DCS prison where he was initially incarcerated.  Yet he was served pork patties, polish hot dogs, ham sandwiches, sausage links, bologna, bar-b-que pork, and pork and beans with remarkable frequency.  When the plaintiff asked corrections staff to inquire of the kitchen whether certain other meals contained pork, the guards refused to do so.  Medical staff refused to order substitute food trays.  In light of his allergy to pork and pork by-products, the plaintiff complains that the corrections and medical staff exhibited deliberate indifference to his health and safety.

    In filing no. 34, the plaintiff requests a copy of his complaint, as his legal papers were lost or confiscated when he was placed in segregation.  Filing no. 34 is granted, and the Clerk of Court shall send the plaintiff, free of cost, a copy of filing no. 1 (the complaint), filing no. 14 (the Order on Initial Review), filing no. 25 (the Amended Complaint), and a current docket sheet up to and including this Memorandum and Order.

    In filing no. 28, the DCS Medical Department moves for dismissal of this action on grounds of sovereign immunity and because none of the other defendants named in the Amended Complaint has been served with process.  Filing no. 28 will be granted in part and denied in part for the reasons discussed below.

    First, state sovereign immunity as recognized and preserved by the Eleventh

Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity.[1] See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Therefore, the plaintiff, who seeks only damages, cannot recover monetary relief from the DCS Medical Department or from any of the persons sued in the Amended Complaint in their *official* capacity.

Second, the plaintiff does not request injunctive relief, and the record suggests that he presently receives a pork substitute which does not endanger his health. Thus, the absence of a request for prospective injunctive relief is appropriate. Even though such relief may be obtained from a state, state agency and state employees in their official capacity, the record does not appear to support the remedy of an injunction.

For those reasons, the relief requested in filing no. 28 will be granted in part. However, the plaintiff will receive another opportunity for service of process on the persons named as defendants in their *individual* capacity in the Amended Complaint. Sovereign immunity does not preclude the recovery of damages from individual-capacity defendants.[2]

THEREFORE, IT IS ORDERED:

1. That filing no. 34, the plaintiff's Motion for Copies, is granted, and the Clerk of Court shall send the plaintiff, free of cost, a copy of filing no. 1 (the complaint and all attachments), filing no. 14 (the Order on Initial Review), filing no. 25 (the Amended Complaint and all attachments), and a current docket sheet up to and including this Memorandum and Order;

2. That filing no. 28, the Motion to Dismiss filed by the DCS Medical Department, is granted in part and denied in part as follows:

   a. Defendant-State of Nebraska Department of Corrections Medical Department is dismissed from this litigation;

---

[1]A suit against a public employee in the employee's official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a state employee, in his or her official capacity, is in reality a claim against the state itself, as the entity that employs the officer.

[2]In the long term, the plaintiff's burden will be to demonstrate a genuine issue of material fact that the defendants' provision of all those pork meals constituted more than negligence. As explained in the Order on Initial Review, the United States Constitution does not protect citizens against the *negligence* of their public officials. For example, the Eighth Amendment to the Constitution is violated by "deliberate indifference" to, or "wanton disregard" of, an individual's rights. Claims based on negligence, on the other hand, are the province of state and local tort claims laws.

      b.      The plaintiff shall receive another opportunity for service of process on the persons named as defendants in their *individual* capacity in the Amended Complaint, and because the plaintiff is proceeding IFP, the U.S. Marshal will serve those defendants, after the plaintiff completes the appropriate forms;

      3.      That to obtain service of process on the individual-capacity defendants, the plaintiff must complete and return forms which the Clerk of Court will provide; the Clerk of Court shall send the plaintiff a summons and a Form 285 for each of the individuals named as defendants in the Amended Complaint together with a copy of this Order; state employees in their individual capacity may be served wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf;

      4.      That the plaintiff shall send the completed summons and 285 forms back to the Clerk of Court by no later than May 26, 2006; in the absence of the completed forms, service of process cannot occur; the plaintiff does not have to copy the complaint or Amended Complaint, as the court will do so for him;

      5.      That upon receipt of the completed summons and 285 forms, the Clerk shall sign each summons, to be forwarded, together with a copy of the Amended Complaint, to the U.S. Marshal for service of process; the Marshal shall serve each summons and Amended Complaint without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal; and

      6.      That the plaintiff shall keep the court informed of his current address at all times while this case is pending; failure to do so may result in dismissal.

DATED this 18th day of April, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge